## DAVID TAGGART v. J. S. M. HUNTER.

### No. 95.

MOTION FOR NEW TRIAL — *offer of prevailing party to remit most of verdict, not conclusive that it was excessive or influenced by passion and prejudice.* In an action to recover $288.56 claimed to be due upon an alleged settlement, the defendant denied any liability thereon, and alleged that the plaintiff was indebted to him upon an open account in the sum of $560.03; and, on the second trial of said action, a verdict was returned in favor of the defendant for $535.03 and the costs, amounting to $376.80, upon which judgment was then rendered. On the day a motion for a new trial was being heard, the defendant voluntarily filed an unconditional offer to remit $500 of the amount returned in his favor, and to credit the judgment with such amount. *Held*, that such offer was not conclusive evidence that the verdict was excessive, or that it was given under the influence of passion and prejudice.

Error from Johnson District Court. Hon. John T. Burris, Judge. Opinion filed December 29, 1896. *Affirmed.*

*H. L. Burgess*, and *Parker & Hamilton*, for plaintiff in error.

*I. O. Pickering*, *Ogg & Scott*, and *E. C. Owen*, for defendant in error.

CLARK, J. The plaintiff, in his amended petition, alleges that he is a farmer, residing near the village of Morris in Johnson County, and that the defendant is a merchant and grain-buyer residing in said village; that in the summer of 1890, the plaintiff stored in the defendant's elevator a large quantity of corn, which the latter sold, without his consent and against his direction, and failed and refused to account to him for the highest market value thereof, but sought to charge him with large sums of money said to have been expended in option deals, telegrams, etc.; that, on

8                    TAGGART V. HUNTER.

N. Dept.              Opinion.   Clark, J.              5 Kan. App.

October 29, 1890, they made a full and complete
settlement of all matters in controversy between them,
by the terms of which the defendant, besides then pay-
ing to the plaintiff the sum of $202.36 in cash, agreed
to pay him the further sum of $288.56 in thirty days
from the date of such settlement, but that the defend-
ant had failed, neglected and refused to pay the same or
any part thereof; and judgment was therefore prayed
for the amount of such deferred payment, with interest.
The defendant denied generally, all the allegations of
the amended petition inconsistent with the statements,
allegations and express admissions contained in his
amended answer; expressly denied the settlement al-
leged by the plaintiff; and charged that the plaintiff
was indebted to him in the sum of $560.03 on an ac-
count, an itemized statement of which he attached to,
and made a part of, his amended answer. This ac-
count shows numerous dealings between the parties
during the summer and fall of 1890, and indicates a
sale to Hunter of the corn mentioned in the petition.
The plaintiff is given credit therefor in the sum of
$1,339.86. In addition, he is credited with $1,628.32
for wheat, $133.60 for oats, and $29 for merchandise
returned; while he is debited in said account with
the aggregate sum of $3,645.81, which includes
$293.75 claimed by the defendant to have been paid
by him to some St. Louis parties, for the plaintiff, as
losses upon certain option deals. In addition to the
items mentioned in this statement of account, the de-
fendant claimed that the plaintiff had used his eleva-
tor, in which he stored some corn, one and one-half
months, and that the value of such use was $45, for
which he also prayed judgment. The reply was a
general denial. The jury returned special findings of
fact, and a general verdict in favor of the defendant

for $535.03 ; and judgment was rendered in accord-. ance therewith. A motion for a new trial was filed on the following day, and was subsequently overruled.

The plaintiff brings the case here, and alleges that the court erred in not granting a new trial because of alleged errors in its rulings on the admission of evidence offered, and "because of excessive damages, appearing to have been given under the influence of passion and prejudice."

The record shows that the court erroneously permitted a witness for the defendant to testify as to the contents of a certain telegram ; but, upon cross-examination, the original message was introduced in evidence. Certain letters, purporting to have been written by Chamberlin & Co. to Hunter, with reference to certain grain transactions or option deals at St. Louis, were read at the trial without proper identification. The court sustained an objection to the attempt of the plaintiff to testify as to what the defendant's bookkeeper told him with reference to a certain entry on Hunter's ledger ; but, before he left the witness stand, the plaintiff testified that this bookkeeper stated that he could not explain that entry. The court permitted the defendant to introduce in evidence an entry on his ledger, and a corresponding one on his journal, showing that the plaintiff had been credited with a given sum of money on a certain day ; but testimony had already been introduced tending to show the correctness of the subject-matter of such entry. It is not apparent to this court wherein the substantial interests of the plaintiff were prejudiced by the rulings upon the objections to the introduction of these entries and of the other evidence, to which attention has been called.

The plaintiff also alleges, in his petition in error and

in his printed brief, that the court erred in refusing to grant a new trial provided the defendant would remit $500 of the verdict returned in his favor. We cannot say that the damages recovered by the defendant are excessive, or that they appear to have been given under the influence of passion and predjudice. The plaintiff sued upon an alleged settlement, or account stated, for $288.56. The defendant denied the settlement, and claimed a balance of $560.03 as due him upon an open account. There was evidence introduced tending to support the verdict upon which judgment was rendered. The only thing to which our attention has been directed as indicating that the amount of the recovery was too great, is the fact that the defendant offered to remit $500 thereof and to credit the judgment rendered in said cause with such amount. While this offer was made on the day the motion for a new trial was being heard, and preceded the ruling of the court upon such motion, there is, otherwise, nothing in the record to indicate that the offer was not voluntarily made, or that the court even suggested the propriety or advisability of making such offer. The journal entry recites that the case came regularly on for hearing, on the motion of the plaintiff for a new trial, '' and thereupon the defendant filed his remittitur of $500 from the verdict of $535.03, leaving a balance of $35.03 due on said verdict; and said motion for a new trial coming on to be heard, the court, having heard the argument of counsel and being well and fully advised in the premises, doth overrule said motion; to which ruling of the court, in overruling said motion, the plaintiff duly excepted,'' etc. It appears from the record that this cause had already been submitted to a former jury, but there is nothing to indicate the result of that trial. The evidence in

this case covers three hundred pages of the type-written record. The costs, at the date of the judgment, amounted to $376.80; and, for aught that otherwise appears, the defendant may have made this offer solely as an inducement to the plaintiff to abandon his effort to secure a new trial, rather than to influence the action of the court in its ruling upon such motion. But however that may be, the trial court was so well satisfied with the result that it refused to vacate the judgment, and overruled the motion for a new trial. Before this court would be warranted in vacating or modifying the judgment, error must be shown. This has not been done, and the judgment must, therefore, be affirmed.